STEVEN G. KALAR
Federal Public Defender
VARELL L. FULLER
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753

Counsel for Defendant RAMIREDDI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-MJ-71358 MAG (HRL) |
| Plaintiff, | APPLICATION AND PROPOSED ORDER TO MODIFY ORDER RE: CJA CONTRIBUTIONS; DECLARATION IN SUPPORT THEREOF |
| vs. | |
| SANDHYA RAMIREDDI, | |
| Defendant. | **HON. HOWARD R. LLOYD** |

I, Varell L. Fuller, hereby declare:

1. I am an Assistant Federal Public Defender for the Northern District of California, San Jose Division. My office has been appointed to represent defendant Sandhya Ramireddi in the above-captioned case.

2. On October 31, 2014, this Court ordered Ms. Ramireddi to make a one-time CJA contribution of $10,000, pursuant to 18 U.S.C. § 3006A(f), for services provided under the Criminal Justice Act. The payment is due November 7, 2014. The defense respectfully asks that the Court reconsider its previous order.

3. In making its order, this Court noted that Ms. Ramireddi has approximately $60,000

1   in a money market account.  However, I am informed and believe that these funds are earmarked

2   to pay for her daughter's college education.  Requiring Ms. Ramireddi to use $10,000 of her

3   daughter's college fund to make a CJA contribution would create an extreme hardship for Ms.

4   Ramireddi and her daughter, and would interfere with her obligations to her daughter.  *See*

5   *United States v. McGiffin*, 267 F.3d 581, 589 (7th Cir. 2001) (court should consider "whether

6   requiring the contribution would impose an extreme hardship on the defendant," and "whether it

7   would interfere with [her] obligations to [her] family").  I and informed and believe Ms.

8   Ramireddi is a single mother and employed by Extended Stay America as a Guest Services

9   Representative, where she works at the front desk.  I am further informed the funds were derived

10  from the sale of land Ms. Ramireddi purchased in India as an investment, and that Ms.

11  Ramireddi does not use the funds for subsistence, but that the funds have instead been set aside

12  to for her daughter's college education, which Ms. Ramireddi anticipates she will have to begin

13  to pay in approximately one year.   Her daughter is presently in the 11th grade and Ms. Ramerredi

14  has no other means with which to pay for her daughter's college expenses and her current

15  income is insufficient to permit her to save for her daughter's college expenses and or replace the

16  $10,000 she has been ordered to pay.

17       4.   In addition, the defense respectfully submits that, at this early stage in the

18  proceedings, it is premature to determine how much Ms. Ramireddi's defense will cost, in part

19  because it appears Ms. Ramireddi is alleged to be substantially less culpable than others charged

20  in the criminal complaint.   For this reason, the defense respectfully suggests that the intent of §

21  3006A would be better served by an order requiring Ms. Ramireddi to make a monthly

22  contribution, rather than a one-time payment.  Based on Ms. Ramireddi's financial circumstances

23  and her current salary, and keeping in mind her financial obligations to her family in general and

24  her teenage daughter in particular, the defense submits that an appropriate contribution at this

25  point would be $100 per month, given Ms. Ramireddi's present financial condition.

26       5.   For the reasons set forth above, it is respectfully requested that the Court modify its

Application to Modify CJA Contribution
No. 14-MJ-71358 MAG (HRL)                           2

1  order regarding CJA contributions and order Ms. Ramireddi to make a monthly contribution of
2  $100 per month in place of the currently ordered one-time contribution of $10,000.
3        6.   Alternatively, if the Court is not inclined to modify the previously ordered CJA
4  contribution, the defense respectfully requests the Court stay the previously enter order, and set a
5  further hearing on the issue to permit defense counsel an opportunity to further address the issue.

7       I declare under penalty of perjury that the foregoing is true and correct, except for those
8  matters stated on information and belief, and as to those matters, I am informed and believe them
9  to be true.  Executed this 4th day of November, 2014, at San Jose, California.

11                          Respectfully submitted,

12                          STEVEN G. KALAR
                        Federal Public Defender

13

14                           /s/

15                          VARELL L. FULLER
                        Assistant Federal Public Defender