UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Sandhya Ramireddi,<br><br>Defendant. | No. 5:14-mj-71358-MAG-4<br><br>**ORDER DENYING APPLICATION TO MODIFY CJA CONTRIBUTION** |

In conjunction with her initial appearance, Sandhya Ramireddi submitted a signed Financial Affidavit which satisfied the court that she qualified for the appointment of counsel. The Federal Public Defender was appointed.

Subsequently, Pretrial Services did a post-release report on the defendant. The report said that she had $60,000 in a money market account. There had been no mention of this in her Financial Affidavit.

At the next court hearing, defense counsel took the blame for the omission, explaining that he had not asked his client the right questions as they were filling out the Affidavit. He had Ms. Ramireddi amend the original Affidavit and resign it.

At that point, the court observed that the defendant's financial resources seemed to preclude her from having an attorney paid for by US taxpayers, and that perhaps she should obtain private counsel. Defense counsel demurred. He said the money was the proceeds of a sale of property in India and was being held by defendant to fund her daughter's college education a few years from now. (Aside from the $60,000, defendant has neither assets or income sufficient to make any more than a token monthly contribution towards attorney fees.)

Given the apparent complexity of this case, sure to have reams of discovery, the court stated that it likely would be protracted and time intensive. Defense counsel concurred, although urged that his client may turn out to be a minor character in the long list of individual transactions that could be charged. At this juncture it is not possible to speculate how the case might unfold.

The court ordered defendant to make a one time contribution of $10,000 towards attorney fees. The court reasoned that this amount would be dwarfed by what an experienced private attorney would charge to represent her, and it still would leave intact a substantial portion of her "nest egg".

Payment of the $10,000 was ordered by November 7th. It was not paid and has not been paid to date.

Ms. Ramireddi now applies for a reduction in the CJA contribution to $100 a month. She reasserts the same arguments that were made previously.

The court believes that it would start down a slippery slope if it began to give credence to arguments that money which could be used by a defendant to pay for counsel is earmarked for a "good" purpose. The money in question was not deposited in a gift to minor's account nor in a 529 education fund. It was and is defendant's money to do with as she wishes, now and in the future.

The application for reconsideration is denied. The money must be paid forthwith.

SO ORDERED

Dated: November 13, 2014

HONORABLE HOWARD R. LLOYD
United States Magistrate Judge